**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **7 AT BLUE LAGOON (1), LLC and**<br>**7 AT BLUE LAGOON (2), LLC,**<br><br>Appellants,<br>v.<br><br>**RIC (BLUE LAGOON) LLC, et al.,**<br><br>Appellees.<br>_______________________________/ | Case No. 26-cv-25926-AHS<br><br>On appeal from the United States Bankruptcy Court, Southern District of Florida, Case No. 25-21286-RAM (Jointly Administered) |

# APPELLANTS' TIME-SENSITIVE RENEWED MOTION FOR STAY PENDING APPEAL UNDER FED. R. BANKR. P. 8007(b), AND FOR EXPEDITED RULING BY SEPTEMBER 9, 2026

(Ruling requested before the September 10, 2026 closing deadline and any post-default credit-bid proceedings)

Appellants 7 At Blue Lagoon (1), LLC and 7 At Blue Lagoon (2), LLC, the debtors and debtors-in-possession (the "Debtors"), renew in this Court, under Fed. R. Bankr. P. 8007(b), their motion for a stay pending appeal, and respectfully request a ruling by September 9, 2026. In support, the Debtors state:

## COMPLIANCE WITH RULE 8007(b)(2)

1. The Debtors first moved for this relief in the bankruptcy court, as Rule 8007(a) requires. [Bankr. ECF No. 317 (Aug. 28, 2026).] On September 2, 2026, the bankruptcy court denied the motion. [Bankr. ECF No. 323.] The motion is therefore properly renewed here, and the bankruptcy court's stated reasons — that the appeal is foreclosed by a January 2026 agreed order and is "frivolous" — are addressed below.

## WHAT IS AT STAKE AND WHY TIME MATTERS

2. The Debtors own approximately 6.99 acres of commercial land at 4865 N.W. 7th Street, Miami. On August 27, 2026, the bankruptcy court approved a sale of the property to the

winning auction bidder for $50,000,000. [Bankr. ECF No. 310.] Allowed claims against the estates total approximately $25,000,000. The auction thus established, as a matter of record, roughly $25,000,000 of equity above all creditor claims.

3. The purchaser must close by September 10, 2026. He has been silent since August 26 despite a court order confirming his obligation to pay $49,000,000 in cleared funds at closing [Bankr. ECF No. 322 ¶ 2] and a written demand expiring September 3. If he defaults, his $1,000,000 deposit is, under the orders below, the estates' "sole and exclusive remedy," and the property proceeds toward a back-up disposition to the first mortgagee, RIC (Blue Lagoon) LLC ("RBL"), on a credit bid the bankruptcy court fixed at not less than $23,425,000 [Bankr. ECF No. 283 ¶ 2(c)] — less than half the auction price. Absent a stay, the events of September 10–11 may extinguish the entire $25,000,000 equity cushion before this Court can decide the appeal, mooting it in practical effect.

4. The Debtors do not seek to delay a closing at $50,000,000; they seek that closing. The stay requested is narrow: a stay of (i) the trustee-upon-default provisions of the orders at Bankr. ECF Nos. 278, 283, and 310, and (ii) any approval of a disposition of the property for less than the amount required to pay all allowed claims in full, in each case pending this Court's decision — not a stay of the September 10 closing itself, which the Debtors urge.

## THE MERITS ARE SUBSTANTIAL, NOT FRIVOLOUS

5. The bankruptcy court held that a January 2026 agreed order [Bankr. ECF No. 175; unredacted at 246-2] forecloses any refinancing because an April 15, 2026 refinancing deadline passed without the consent of RBL, and on that basis described this appeal as frivolous. [Bankr. ECF No. 323.] Three points, at minimum, present substantial questions for this Court:

6. *First*, the same court's April 2026 order states that the denial of the refinancing motion was "without prejudice to the Debtor filing a motion seeking approval of a refinancing that has no remaining contingencies and will pay all allowed claims in full." [Bankr. ECF No. 234 ¶ 2.] Whether an agreed deadline, bargained for when the estate's solvency was disputed, permanently bars a debtor-in-possession from paying every creditor in full in cash — the paramount objective of Chapter 11 — after a court-supervised auction has established a $25,000,000 equity surplus, is a substantial question. An agreed order is a contract, but it is also a court order administering an estate for the benefit of all creditors and the estate; it is not a forfeiture instrument for the benefit of one.

7. *Second*, the confirmation order was entered "as modified to remove [the] refinancing option" — a modification the Debtors, as plan proponents, did not propose. Under 11 U.S.C. § 1127(a), only the proponent may modify a plan before confirmation. Whether a plan may be confirmed as involuntarily modified over the proponent's objection is a substantial question on which the Debtors seek review.

8. *Third*, the trustee-upon-default provisions were imposed without the findings 11 U.S.C. § 1104(a) requires. The bankruptcy court has itself now narrowed them, holding that it "does not interpret" the bid-procedures provision "to mandate the appointment of a trustee if the Buyer … fails to close." [Bankr. ECF No. 323 at 5–6.] A provision whose scope the issuing court must construe two months later is genuinely disputed — the opposite of frivolous.

**<u>THE REMAINING FACTORS FAVOR A STAY</u>**

9. Irreparable harm: if a back-up disposition proceeds at $23,425,000 while the appeal is pending, approximately $25,000,000 of auction-verified equity is destroyed, third-party rights

attach, and statutory mootness doctrines may bar effective relief. Loss that cannot be undone is the definition of irreparable.

10. No substantial harm to others: RBL is oversecured and will be paid in full with interest and its contractual fees under any outcome — from the approved closing, from any disposition at a full-payment price, or from the escrowed proceeds. A short stay of the trustee provisions and of any below-full-payment disposition costs RBL nothing but time on an interest-bearing, oversecured claim. The Debtors are prepared to address a bond under Rule 8007(c) if the Court deems one necessary.

11. Public interest: the public interest lies in appellate review that remains capable of granting relief, in payment of creditors in full where the estate can do so, and in preservation of a $25,000,000 surplus for its lawful claimants.

## CONCLUSION

WHEREFORE, Appellants respectfully request that the Court enter an order: (i) staying, pending resolution of this appeal, the trustee-upon-default provisions of the orders at Bankr. ECF Nos. 278 (¶ 4), 283 (¶ 8), and 310 (¶ 21); (ii) staying, pending resolution of this appeal, the entry of any order approving a sale or other disposition of the Debtors' real property for consideration less than the amount necessary to pay all allowed claims in full in cash; (iii) expressly not staying, and permitting to proceed, the closing of the approved $50,000,000 sale on or before September 10, 2026; (iv) ruling on this motion on or before September 9, 2026, given the September 10, 2026 closing deadline; and (v) granting such other relief as is just. A proposed order is submitted herewith.

CERTIFICATE OF GOOD-FAITH CONFERENCE AND REQUEST FOREXPEDITED CONSIDERATION

Local Rule 7.1. Undersigned conferred with Appellee prior to filing this motion but they did not get back and we presume they would not agree from the prior motion in the bankruptcy court. As set forth above the buyer must close by September 9, 2026 and absent a stay, the events of September 10–11 may extinguish the entire $25,000,000 equity cushion before this Court can decide the appeal, mooting it in practical effect.

Dated: September 2, 2026
Respectfully submitted,

**JOEL M. ARESTY, P.A.**
Board Certified Business Bankruptcy Law
Counsel for the Debtors / Appellants
309 1st Ave S, Tierra Verde, FL 33715
Phone: (305) 904-1903 | Fax: 1-800-559-1870
Aresty@Mac.com

By: /s/ Joel M. Aresty
Joel M. Aresty, Esq., Fla. Bar No. 197483

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2026, the foregoing was filed with the Clerk using CM/ECF, which will serve all counsel of record in this appeal and in the jointly administered bankruptcy cases, including counsel for RIC (Blue Lagoon) LLC (Peter H. Levitt, Esq.; Vincent F. Alexander, Esq., Shutts & Bowen LLP), counsel for the purchaser (Juan C. Zorrilla, Esq., Fowler White Burnett, P.A.), counsel for Michael J. Schlesinger (Brett M. Amron, Esq., Bast Amron LLP), and the Office of the United States Trustee.

By: /s/ Joel M. Aresty
Joel M. Aresty, Esq.

## INDEX OF EXHIBITS

**Exhibit A** Debtors' Emergency Motion for Stay Pending Appeal [Bankr. ECF No. 317], filed August 28, 2026

**Exhibit B** Order Denying Motion for Stay Pending Appeal [Bankr. ECF No. 323], entered September 2, 2026

**Exhibit C** Order Approving Sale of Debtors' Property Free and Clear [Bankr. ECF No. 310], entered August 27, 2026

**Exhibit D** Order on Motion to Enforce Sale [Bankr. ECF No. 322], entered September 1, 2026