**ORDERED in the Southern District of Florida on September 1, 2026.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| 7 AT BLUE LAGOON (1), LLC, and<br>7 AT BLUE LAGOON (2), LLC, | Case No. 25-21286-RAM<br>Case No. 25-21287-RAM<br>(Jointly Administered) |
| Debtors. | |

_______________________________/

## ORDER ON MOTION TO ENFORCE SALE

The Court has reviewed Debtor's Emergency Motion to Enforce the Sale Order [ECF No. 310] and Compel the Purchaser to Close, for an Order Directing Preservation of the Funds Identified in the Purchaser's Declaration, and for an Order to Show Cause (Sale Order ¶ 211; 11 U.S.C. §§ 105(a), 363; Fed. R. Bankr. P. 2004, 9020) [DE# 320] (the "Motion to Enforce"). The Court has also reviewed the record, including the sale agreement portion of the Purchase and Sale Agreement ("PSA") and Joint Venture Agreement (DE# 289, pp. 10-27) and the Order Approving Sale of Debtors' Property Free and Clear of Liens, Claims, Interests, and Encumbrances [DE# 310] (the "Sale Order"). The Court ORDERS as follows:

1. The Motion to Enforce is granted in part and denied in part as set forth below.

2. The buyer under the PSA (the "Buyer") is obligated to close on the purchase of assets described in the PSA by September 10, 2026. The Buyer has deposited $1,000,000 in Debtors' counsel's trust account (the "Deposit"). At closing, the Buyer must pay $49,000,000, the balance of the purchase price, in cleared funds.

3. If the Buyer fails to close on or before September 10, 2026, the Buyer will forfeit the Deposit, in accordance with the terms of the PSA.

4. Although paragraph 21 of the Sale Order retains jurisdiction "to compel payment of the purchase price," this retention of jurisdiction does not expand the remedies provided in the PSA if the Buyer fails to close. As stated in paragraph 4 of the Sale Order [DE# 310, p.11]:

> "Failure to close by the Closing Deadline shall result in forfeiture of Ramos's deposits as liquidated damages. The Court rejects the proposed additional language in the Weiss Objection providing for additional remedies. Paragraph 15.1 of the PSA states that forfeiture of the deposit as liquidated damages under paragraph 4.2 is the Debtors' 'sole and exclusive remedy at law or in equity.' (DE #289, p.21)."

5. Therefore, the Court denies the Motion to Enforce to the extent it seeks specific performance of the PSA and to the extent it seeks to hold the Buyer in contempt if the Buyer fails to close.

6. Except as provided in paragraphs 2 and 3 above, all other relief requested in the Motion to Enforce is denied.

###

COPIES TO:

Joel M. Aresty, Esq.

**(Attorney Aresty is directed to serve a copy of this Order on all interested parties and file a Certificate of Service)**