UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-25926-CIV-SINGHAL

IN RE:

7 AT BLUE LAGOON (1), LLC and
7 AT BLUE LAGOON (2), LLC,

Debtors. Bnkrp. Case No. 25-21286-RAM
_______________________________________/ (consolidated cases)

7 AT BLUE LAGOON (1), LLC and
7 AT BLUE LAGOON (2), LLC,

Appellants,

v.

RIC (BLUE LAGOON) LLC, *et al.*,

Appellees.
_______________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Appellants' Time-Sensitive Renewed Motion for Stay Pending Appeal Under Fed. R. Bankr. P. 8007(b) and for Expedited Ruling by September 9, 2026 (the "Motion") (DE [7]). Appellants also filed a motion to stay with the bankruptcy court, which the bankruptcy court denied. Order Denying Motion for Stay Pending Appeal (DE [323]), *In re 7 at Blue Lagoon (1)*, No. 25-21286 (S.D. Fla. Bankr. Sept. 2, 2026).[1]

I. BACKGROUND

Debtors 7 at Blue Lagoon (1), LLC and 7 at Blue Lagoon (2), LLC ("Debtors") defaulted on a loan to TIG Romspen US Master Mortgage LP ("Romspen"). A foreclosure final judgment was entered in state court against Debtors in favor of Romspen, setting a

[1] All docket entries referenced in this Order, other than (the "Motion") (DE [7]), refer to docket entries in No. 25-21286 (S.D. Fla. Bankr.).

foreclosure sale date of September 29, 2025. Debtors then filed the federal Chapter 11 bankruptcy actions. RIC (Blue Lagoon) LLC ("RBL"), as Assignee of Romspen, filed a Motion to Dismiss Chapter 11 Cases or, Alternatively, for Appointment of Chapter 11 Trustee (the "Motion to Dismiss") (DE [17]). Before the Bankruptcy Court ruled on the Motion to Dismiss, Debtors and RBL agreed to an order resolving the Motion to Dismiss. The Court entered the agreed Order (DE [175]), which among other things, provided that Debtors could cancel the sale process if they obtained refinancing and paid RBL's secured claim on or before April 15, 2026 (the "Refinancing Deadline"). If the debtors did not comply with any of the deadlines in the order, RBL would be entitled to dismissal of the bankruptcy action or the appointment of a trustee. *Id.* ¶ 12.

Cutting to the chase, the Debtors did not obtain refinancing by the agreed April 15, 2026 order, and the Bankruptcy Court denied their motion for an extension because RBL did not consent. Debtors have renewed their motion for extension to obtain refinancing on multiple occasions, most recently seeking approval of an active refinancing offer, but Debtors failed to get consent from RBL, so the Bankruptcy Court has denied each motion. *See, e.g.*, (DE [278]).[2]

The Bankruptcy Court established the procedures for the foreclosure auction. (DE [283]). Under those procedures, RBL could submit a credit bid, but the Court could disapprove the sale if the credit bid was the winning bid, in which case the Court would consider appointing a Chapter 11 Trustee. The Court would also appoint a Chapter 11 Trustee if Debtors failed to follow any of the procedures in (DE [283]). During this period, the Bankruptcy Court also approved the parties' Joint Plan of Reorganization (DE [182])

[2] In (DE [278]), the Court also stated that it would appoint a Chapter 11 Trustee if the parties did not file an agreed sale motion by July 30, 2026, but the parties did file the motion, so this provision is moot.

as amended to remove the refinancing option. (DE [308]).

The foreclosure auction was held, and Jorge Ramos submitted the winning bid at $50,000,000.00. *See* (DE [310] at 10). Mr. Ramos has until September 10, 2026 to close. *Id.* at 11. If Mr. Ramos fails to close, the Bankruptcy Court *will consider* whether to approve a sale to RBL as the back-up bidder. *Id.* at 16. RBL submitted a credit bid of $23,425,000. (DE [300]).

Even though Mr. Ramos attested that he is liquid to the amount of $58,000,000, Debtors now question whether he possesses the necessary funds to close on the Property. Debtors filed an appeal of the Bankruptcy Court's Order (DE [278]) denying Debtors' motion to approve refinancing. (DE [313]). While that appeal is pending, Debtors filed a Motion to stay the appointment of a Chapter 11 Trustee, the Bankruptcy Court's consideration of RBL's credit bid should Ramos not close, and the Bankruptcy Court's removal of the refinancing option. (DE [317]). The Bankruptcy Court denied the motion to stay. (DE [323]). Debtors then filed a renewed Motion to Stay (DE [7]) before this Court. That Motion (DE [7]) is before the Court now.

## II. LEGAL STANDARD

On appeal, this Court reviews "the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *In re Yerian*, 927 F.3d 1223, 1227 (11th Cir. 2019) (citations omitted). "It is unclear whether a motion to stay filed in the district court after the bankruptcy court has denied such a motion is reviewed *de novo* or under an abuse of discretion standard." *Ramos v. Weatherford*, 2015 WL 12765453, at *2 (M.D. Fla. July 16, 2015). Out of an abundance of caution, this Court considers the Motion (DE [7]) *de novo*.

"To obtain a stay pending appeal under Rule 8007, the movant must establish the

following four factors: (1) that the movant is likely to prevail on the merits on appeal; (2) that absent a stay the movant will suffer irreparable damage; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay." *Id.*

## III. DISCUSSION

Debtors seek a stay of the following: appointment of a Rule 11 Trustee, approval of RBL's credit bid, and removal of the refinancing option. The Court applies the stay standard, starting with the first factor—likelihood of success on the merits.

The Bankruptcy Court's orders were not improper for warning Debtors that a Rule 11 Trustee may be imposed. The Bankruptcy Court stated it will appoint a Rule 11 Trustee if the Debtors fail to comply with the terms of the Agreed Order (DE [283]). It will also "*consider* appointment of a Chapter 11 Trustee" *if* the Court disapproves the sale *if* the credit bid is the winning bid. *Id.* (emphasis added). The Debtors agreed to these terms. Under these terms, the Bankruptcy Court will only appoint a Rule 11 Trustee if the Debtors fail to comply with the Court's order or if three other conditions are met regarding the sale of the Property—the credit bid wins, the Court disapproves the sale to the credit bidder, and the Bankruptcy Court decides appointment is necessary. Considering that the appointment of a Chapter 11 Trustee is conditioned on (1) Debtors' failure to comply with agreed terms or (2) three separate events taking place, two of which are the Bankruptcy Court's discretionary choices, the Bankruptcy Court's orders were reasonable. Debtors are not likely to succeed on the merits in attempting to reverse the Bankruptcy's orders on the Rule 11 Trustee.

For the stay of approval of the credit bid, again, Debtors agreed to the terms of the auction. (DE [283]). They also agreed to the procedures for how the entire foreclosure

process would be handled. (DE [175]). Understandably, the Debtors are concerned that they would lose over $25 million should Mr. Ramos fail to close. That is a massive amount of money. But the legal considerations are no different than if this were a foreclosure for a small piece of property and the winning bid was $50,000 and the credit bid was $25,000. The dollar amounts do not drive the Court's consideration. The Debtors agreed to these procedures. If the winning bidder fails to close, the Debtors are entitled to the agreed $1,000,000 in deposits. (DE [283] at 3-4). This is the remedy they elected. On the merits, Debtors face a steep uphill climb to demonstrate that they should be given a different remedy than the one they agreed to. Success on the merits is highly unlikely.

Finally, Debtors seek a stay of the Bankruptcy Court's removal of the refinancing option. But, as Debtors agreed, any motion to approve refinancing was due on April 15, 2026. (DE [175]). That option has been closed for over four months. The fact that Debtors have sought multiple extensions of that deadline does not change the fact that Debtors agreed that any motion would be due over four months ago. Explicitly removing that option was appropriate, and Debtors will likely not succeed arguing otherwise on the merits.

Looking at the other stay factors, RBL is likely to suffer substantial harm if the Court issued a stay, because a stay would deprive RBL of the terms it agreed to and would likely result in a delay in receiving the monies it is owed.

## IV. CONCLUSION

Debtors agreed to a specific schedule, to certain procedures, and to a particular remedy. Debtors cannot now seek to rewrite those agreements because circumstances have changed. And certainly, Debtors cannot expect the Court to rewrite those same unambiguous agreements. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion (DE [7] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of September 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel of record via CM/ECF